■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAROI LAWTON, Appellant.—Judgment, Supreme Court, Bronx County (Fred Eggert, J.), rendered on June 15, 1987, convicting defendant, after a jury trial, of attempted murder in the second degree, and sentencing him to a prison term of 3 to 9 years, is unanimously affirmed.

The evidence adduced at trial reveals that on May 27, 1986, defendant hid in the shower of his ex-girlfriend's apartment, which he had ceased sharing with her eight months earlier, and brutally attacked her with a hammer. The victim, who suffered a fractured cheekbone and various lacerations to her head, as well as a neighbor, who looked out her window and observed the attack, both unequivocally identified defendant.

In failing to make the appropriate CPL 440.10 motion to vacate the judgment on the ground of ineffective assistance of trial counsel, defendant has denied this court the opportunity to consider additional background facts which might have been developed (People v Bennett, 157 AD2d 630). In any event, defendant has failed to demonstrate that he received less than competent assistance of counsel (see, People v Baldi, 54 NY2d 137).

Trial counsel's failure to make a suppression motion does not by itself establish ineffective assistance of counsel *(People v Rivera,* 71 NY2d 705, 709). Defendant had no expectation of privacy in complainant's apartment, a predicate for standing to suppress the library book which was recovered inside the bathtub *(see, People v Rodriguez,* 69 NY2d 159). Moreover, this book was found by complainant's niece, a private citizen, hence no Fourth Amendment considerations are implicated *(People v Adler,* 50 NY2d 730, 737, *cert denied* 449 US 1014). Defense counsel's introduction into evidence of a small hammer for demonstrative purposes and his summation were part of a trial strategy aimed at minimizing the serious nature of the instant crime. Counsel's failure to call other alibi witnesses or subpoena certain telephone calls is not demonstrable on this record *(see, People v Ogelsby,* 128 AD2d 556). In any event, counsel did attempt to furnish a competent *alibi* defense through the testimony of defendant's supervisor and a co-worker.

We have considered defendant's other contentions and find them to be without merit. Concur—Murphy, P. J., Kupferman, Ross, Asch and Rubin, JJ.