■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS R. SHEEHY, Appellant. [711 NYS2d 856] —Mercure, J. P. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered March 19, 1999, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the third degree and criminal possession of stolen property in the fifth degree.

An indictment charged defendant with two counts of criminal possession of stolen property in the third degree based upon his possession of chainsaws that had been stolen from Niagara Mohawk Power Corporation (count four) and copper wire that had been stolen from Aggreko, Inc. (count five) by Terry Huey and Michael Briggs. Following a February 1999 jury trial, defendant was found guilty of criminal possession of stolen property in the third degree under count five and criminal possession of stolen property in the fifth degree as a lesser included offense under count four of the indictment. Defendant was sentenced as a second felony offender to concurrent sentences of incarceration aggregating $3\frac{1}{2}$ to 7 years and was also ordered to pay restitution of $999 to Niagara Mohawk. Defendant appeals.

Initially, we reject defendant's contentions relating to the weight and sufficiency of the trial evidence. On the issue of whether defendant "knowingly" possessed the stolen property, the evidence showed that Briggs and Huey stole 11 orange and white chainsaws from a locked Niagara Mohawk truck in a fenced and locked yard. According to Huey, he thereafter spoke on the phone with defendant, who told him to bring the chainsaws over to his house because he could "get rid of them". Huey also testified that defendant was home when he and Briggs arrived with the chainsaws and that defendant helped unload the chainsaws and carry them into the back bedroom of defendant's house. Defendant paid Huey only $300 for the chainsaws. In addition, a witness testified that he saw defendant selling approximately 15 orange and white chainsaws and other tools to two men for approximately $1,500, whereupon defendant told him "[n]ot to blab [his] mouth" or defendant would burn down his grandparents' house.

The evidence also showed that Briggs and Huey stole approximately 400 lengths of copper wire from a locked, fenced yard, transported the wire to defendant's house in a U-Haul truck and, with defendant's help, put the wire in a shed owned by defendant's next-door neighbor, William Quick. Briggs testi-

fied that he and Huey told defendant that the copper wire came from Aggreko and that defendant told them "he could get rid of it all at once for [them]". Briggs also testified that, as the police investigation began, defendant came to his apartment with a shotgun and told him, "don't go saying nothing, and take care of me". In view of the foregoing, we conclude that legally sufficient evidence exists to support the jury's finding that defendant knowingly possessed stolen property and that the jury's verdict in that regard was not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

We are also unpersuaded by the contention that the evidence was legally insufficient to establish that the copper wire was worth more than $3,000 (*see,* Penal Law § 165.50). Under Penal Law § 155.20 (1), the value of stolen property is "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime". Although valuation evidence must include the witness's basis for knowledge of value (*see, People v Lopez,* 79 NY2d 402) and the witness must testify as to the condition of the stolen property if that would affect its value (*see, People v Vandenburg,* 254 AD2d 532, *lv denied* 93 NY2d 858), it is only necessary that the jury have a reasonable basis for inferring, rather than speculating, that the value of the property exceeded the statutory threshold (*see, People v Jackson,* 194 AD2d 691). Furthermore, because property valuation is not strictly a subject for expert testimony, opinion testimony by a lay witness is competent to establish the value of the property if the witness is acquainted with the value of similar property (*see,* Prince, Richardson on Evidence § 7-202, at 451-452 [Farrell 11th ed]).

Here, the evidence showed that Quick worked at a scrapyard for 10 years and frequently purchased copper wire. Quick testified that the going rate for copper wire was $5.70 to $6 per pound. He also testified from personal observation that about two tons of copper wire were unloaded from the U-Haul into his shed. Furthermore, Aggreko's rental coordinator testified that over 400 lengths of copper wire cable had been stolen and that the replacement cost was about $120 for a 50-foot section and $230 for a 100-foot section. She further testified that Aggreko usually had copper wire cable in 25, 50 and 100-foot sections. Based upon the foregoing, it is not at all unreasonable to infer that, even if all of the copper wire cable had been in 25-foot sections, the replacement cost would have been many times the $3,000 threshold.

Next, we reject the contentions that County Court erred in

ordering defendant to pay restitution for the chainsaws because defendant did not steal them and there was no evidence produced or any hearing conducted with regard to their value. Penal Law § 60.27 provides that the trial court may require restitution as part of the sentence of anyone convicted of an offense. "[T]he term 'offense' shall include the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction" (Penal Law § 60.27 [4] [a]; *see, People v Prewett*, 126 AD2d 86, 90, *lv dismissed* 70 NY2d 693). Further, when a court requires that restitution be made, it must make a finding as to the monetary value of the "fruits of the offense" based on evidence in the record or the victim impact statement (Penal Law § 60.27 [2]). If such evidence is insufficient to make the required finding, or at the defendant's request, the court must conduct a hearing (*see,* Penal Law § 60.27 [2]).

We conclude that under the statutory definition, defendant's "offense" included the theft of the chainsaws, and County Court properly exercised its discretion by ordering defendant to pay a pro rata share of Niagara Mohawk's loss. Further, the victim impact statement and trial evidence on the issue of valuation provided County Court with a valid basis for fixing the monetary value of the chainsaws. We also note that defendant made no request for a hearing on restitution prior to sentencing and as such waived his right to a hearing (*see, People v Fuller*, 57 NY2d 152).

Defendant's remaining contentions are either unpreserved for our review or have been considered and found to be lacking in merit.

Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.