■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MAYERHOFER, Appellant. [725 NYS2d 696] —Cardona, P. J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered June 8, 1999, upon a verdict convicting defendant of the crimes of burglary in the second degree and grand larceny in the fourth degree.

Defendant was convicted of burglary in the second degree and grand larceny in the fourth degree after a trial established that he broke into a neighbor's trailer and stole jewelry, cash and personal items. He was sentenced as a second violent felony offender to a prison term of 12 years on the burglary count and as a second felony offender to a prison term of 2 to 4 years on the grand larceny count. Defendant appeals.

Initially, we conclude that County Court did not err in denying defendant's motion to suppress certain oral statements following a *Huntley* hearing. Specifically, defendant sought to suppress, *inter alia*, oral admissions made at the burglary scene in the presence of State Trooper Jeffrey Holliday. Defendant argued that the statements were made while he was in custody without being read his *Miranda* rights.

The evidence adduced at the *Huntley* hearing indicated that on September 6, 1998, Holliday was called to the Beaver Lodge Hotel in the Town of Athens, Greene County to investigate a burglary reported by Vanessa Gonzalez. Upon arrival, Holliday was told by Gonzalez that she believed defendant, a former high school classmate, was involved in the theft since, upon gaining entry to the motel unit he shared with his girlfriend, Carole Brooks, she saw some of the missing items. Holliday asked everyone present, including Gonzalez and defendant, to view the burglary scene at the trailer. At one point, Holliday asked defendant if he was involved in the crime and defendant replied in the negative. When Holliday noted that a shoeprint marking on the corrugated roofing outside of Gonzalez's trailer appeared to match defendant's shoes, defendant again denied involvement. Once in the trailer, defendant initiated a private conversation in one of the bedrooms with Gonzalez and her mother, Isabelle Augello. While that conversation was taking place, Holliday telephoned State Police Investigator Kenneth MacCalla and requested that he respond to the scene to pursue the investigation. Thereafter, Gonzalez came out of the bedroom and relayed that defendant told her that some of the missing jewelry was on the ground outside the window of defendant's motel unit. Defendant volunteered to help look for the jewelry and, after Holliday asked him how he knew it was there, defendant indicated that he had been at the trailer "but he blamed the taking of the jewelry [on Brooks]." Holliday, defendant, Gonzalez's boyfriend and a neighbor then went to look for the missing jewelry, some of which was recovered outside the motel unit window. After MacCalla arrived, defendant agreed to accompany him to the State Police barracks to answer some questions.

Contrary to defendant's argument, the evidence does not support his claim that he was in custody during the course of Holliday's initial investigation of the burglary complaint. "A suspect is considered to be in police custody if a reasonable person, innocent of any crime, would, in the defendant's position, not think that he or she was free to leave [citations omitted]" (*People v Hardy*, 223 AD2d 839, 840). Numerous factors must be considered when determining whether a suspect is in police custody such as "the amount of time the person spent with the police, whether his or her freedom of action was significantly restricted, the location of the questioning and the atmosphere under which it was conducted, the person's degree of cooperation, whether he or she was apprised of his or her constitutional rights and whether the questioning was investigatory or accusatory in nature" (*id.*, at 840). Significantly,

"threshold crime scene inquiries" designed to clarify the situation and questions that are purely investigatory in nature do not need to be preceded by *Miranda* warnings (*People v Walker*, 267 AD2d 778, 780, *lv denied* 94 NY2d 926; *see*, *People v Tunstall*, 278 AD2d 585, 587).

Here, the inquiries made by Holliday constituted threshold or investigatory questioning. The noncustodial atmosphere is demonstrated by the fact that, without hindrance, defendant telephoned Brooks and had a private conversation with the burglary victim and her mother. There were no restrictions on defendant's movements. As for example, Holliday did not know exactly where defendant was when MacCalla arrived. He stated that "I believe he may have gone into the motel unit at one point in time, but came back out, either got a coat or something to that effect, before he and Investigator MacCalla left the scene." Considering that testimony and the fact that Gonzalez and Augello indicated that Holliday did not request that they solicit admissions from defendant, we find no reason to disturb County Court's suppression ruling.

Defendant further argues that County Court should have granted a mistrial after Augello testified at trial to the admission made by defendant at the scene of the crime to Augello and her daughter in the trailer bedroom. Defendant claims that the prosecution knew of this admission and impermissibly failed to notify him prior to trial. However, since the People did not have a prior "written or recorded statement" of Augello to turn over to defendant, the *Rosario* rule was not implicated (CPL 240.45 [1] [a]). In any event, despite defendant's allegations of prejudice, he clearly had notice of how Augello would testify since Gonzalez had previously testified that defendant admitted committing the crime to both she and Augello.

Next, we do not agree that defendant's conviction for grand larceny in the fourth degree was improper for failure to establish that the value of the stolen property exceeded $1,000 (*see*, Penal Law § 155.30 [1]). Under Penal Law § 155.20 (1), the value of stolen property is "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime." Notably, " 'evidence of the original purchase price, without more, will not satisfy the People's burden' " (*People v Vandenburg*, 254 AD2d 532, 533, *lv denied* 93 NY2d 858, quoting *People v Gonzalez*, 221 AD2d 203, 204). Here, Gonzalez testified as to the purchase value, age and condition of some of the stolen items and Augello testified to the age and purchase price of the items that she had given

to Gonzalez as gifts. Significantly, the majority of the stolen items were recovered and admitted as exhibits at trial so the jury could examine the condition of the items. Thus, "the jury could ' "reasonably infer, rather than merely speculate" that the value of the stolen [goods] exceeded the statutory threshold' " (*People v Vandenburg, supra*, at 534, quoting *People v Jackson*, 194 AD2d 691, 692).

Finally, we find unavailing defendant's contention that the sentence imposed by County Court was unduly harsh and excessive. Considering, *inter alia*, defendant's extensive prior criminal record, we perceive no valid basis for disturbing County Court's sentencing determination which was within the statutory parameters (*see, People v Hughes*, 280 AD2d 694).

Mercure, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.