■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN LEWIS, Appellant. [724 NYS2d 623] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered March 8, 1999, convicting him of tampering with a witness in the third degree and assault in the third degree, upon a jury verdict, and imposing sentencing.

Ordered that the judgment is affirmed.

The defendant's contention that the indictment was jurisdictionally defective is unpreserved for appellate review, since he failed to properly raise it in a pretrial motion to dismiss the indictment (*see, People v Iannone,* 45 NY2d 589). In any event, the indictment was not jurisdictionally defective, as it provided the defendant with fair notice of the accusations made against him (*see, People v Iannone, supra*).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]), or without merit. Ritter, J. P., S. Miller, McGinity and Townes, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMEEK LEWIS, Appellant. [724 NYS2d 623] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered May 14, 1998, convicting him of murder in the second degree, upon a jury verdict and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, it is without merit. Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant caused the victim's death by shooting him without reason to believe that the victim or another person was about to use deadly force against him (*see, People v Candelaria,* 206 AD2d 385; *People v Richardson,* 155 AD2d 488). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., S. Miller, McGinity and Townes, JJ., concur.