■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARLOS CABRERA, Respondent. [729 NYS2d 765] —Appeal by the People from an order of the Supreme Court, Queens County (McDonald, J.), dated March 18, 1999, which granted the defendant's motion pursuant to CPL 330.30 (1) to set aside a jury verdict convicting him of possession of burglar's tools.

Ordered that the order is reversed, on the law, the motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Queens County, for sentencing.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the Supreme Court's determination, the evidence establishes that the defendant was twisting a screwdriver in the trunk lock of a stolen car, walked away when he saw the police, and discarded an object into a car which was later determined to be his vehicle. The object "clanged" when it struck another metal object in the vehicle, which contained a screwdriver, a hacksaw, and a hammer (*see,* CPL 330.30 [1]; Penal Law § 140.35; *People v Borrero,* 26 NY2d 430). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The Supreme Court erred in setting aside the verdict of guilt in the interest of justice because such a motion should be brought prior to trial and on notice (*see,* CPL 210.20). In any event, after a review of the facts and circumstances of this case, dismissal in the interest of justice is not warranted (*see,* CPL 255.20; *cf., People v Colon,* 86 NY2d 861). Therefore, the order of the Supreme Court is reversed, and the matter is remitted to the Supreme Court, Queens County, for sentencing. Goldstein, J. P., McGinity, Feuerstein and Smith, JJ., concur.