■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JACKSON, Appellant. [756 NYS2d 580] —Judgment, Supreme Court, New York County (Dorothy Cropper, J., at hearing; Marcy Kahn, J., at jury trial and sentence), rendered September 10, 1997, convicting defendant of burglary in the

second degree, and sentencing him, as a persistent violent felony offender, to a term of 18 years to life, unanimously affirmed.

The court properly denied defendant's motion to dismiss the indictment on the ground that he had been denied his right to appear before the grand jury (*see* CPL 190.50 [5] [a]), since the People did provide defendant with an opportunity to so appear. Defendant's claim of ineffective assistance of counsel, based on his counsel's withdrawal of his request to appear before the grand jury, is not reviewable on the present record (*see People v Love*, 57 NY2d 998, 1000 [1982]; *People v Lawton*, 159 AD2d 302 [1990], *lv denied* 76 NY2d 738 [1990]; *People v Hamlin*, 153 AD2d 644 [1989]). In any event, counsel's failure to facilitate the realization of defendant's desire to appear before the grand jury, standing alone, does not constitute ineffective assistance of counsel (*see People v Wiggins*, 89 NY2d 872, 873 [1996]; *People v DelCerro*, 299 AD2d 160 [2002], *lv denied* 99 NY2d 557 [2002]; *People v Bundy*, 186 AD2d 357 [1992], *lv denied* 81 NY2d 837 [1993]).

Defendant's right to a fair trial was not vitiated when a police witness, on cross-examination, stated that defendant had asked him not to make the charge a felony because he had too many felonies. The witness's response was not unresponsive to counsel's questions, regarding statements defendant had made upon his arrest, and in any event, the court sustained the objection, struck the testimony and instructed the jury to disregard it. It is presumed that the jury followed the court's instructions (*see People v Davis*, 58 NY2d 1102 [1983]). No CPL 710.30 notice of this statement was required, since the People did not seek to introduce it into evidence (*see* CPL 710.30 [1]; *People v Acosta*, 180 AD2d 505, 508-509 [1992], *lv denied* 80 NY2d 827 [1992]).

Defendant's claims of prosecutorial misconduct during cross-examination of defendant and in summation are unpreserved, defendant not having objected to most of the alleged improper questions and comments, or having made only general objections (*see People v Balls*, 69 NY2d 641, 642 [1986]; *People v Simmons*, 259 AD2d 345 [1999], *lv denied* 93 NY2d 979 [1999], *habeas corpus denied sub nom. Simmons v Mazzuca*, 2001 WL 537086, 2001 US Dist LEXIS 6582 [SD NY, May 21, 2001]), and we decline to reach the prosecutorial misconduct claims in the interest of justice. Were we to address them, we would find the prosecutor's cross-examination of defendant proper (*see People v Overlee*, 236 AD2d 133, 143 [1997], *lv denied* 91 NY2d 976 [1998]). Similarly, on summation the prosecutor asked the

jury to draw reasonable inferences from the evidence, and did not denigrate the defense (*see People v Galloway*, 54 NY2d 396, 399 [1981]).

We have considered defendant's remaining arguments, including those contained in his pro se supplemental brief, and find them unavailing. Concur—Buckley, P.J., Tom, Rosenberger, Ellerin and Williams, JJ.