■ The People of the State of New York, Respondent, v Maurice W. Adams, Appellant. [779 NYS2d 275]—

Mercure, J.P. Appeal from a judgment of the County Court of Albany County (Czajka, J.), rendered June 15, 2001, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the fourth degree.

Defendant was charged, in a two-count indictment, with the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree in connection with the theft of banquet supplies from the Crowne Royal Plaza Hotel, located in the City of Albany. Following trial, a jury found defendant guilty of the charge of criminal possession of stolen property in the fourth degree. Defendant was sentenced, as a second felony offender, to 2 to 4 years in prison. Defendant now appeals, asserting that the People failed to establish the value of the stolen property. We disagree.

Pursuant to Penal Law § 165.45 (1), a person is guilty of criminal possession of stolen property in the fourth degree when he or she knowingly possesses stolen property valued in excess of $1,000 with the intent to benefit either himself or herself or someone other than the property owner. The value of the stolen property is defined as either the "market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime" (Penal Law

§ 155.20 [1]; *see People v Sheehy*, 274 AD2d 844, 845 [2000], *lv denied* 95 NY2d 938 [2000]). In determining the value of stolen property, the jury need only have a reasonable, rather than speculative, basis for inferring that the value exceeded $1,000 (*People v Sheehy, supra* at 845; *People v Jackson*, 194 AD2d 691, 692 [1993]). Moreover, testimony by a lay witness may be sufficient to establish the value of the property if it is shown that the witness has a basis for knowledge of value and is "acquainted with the value of similar property," and the witness testifies as to the condition of the stolen property in situations where it would affect the value (*People v Sheehy, supra* at 845).

Here, the People presented the testimony of Pyong Kim, the hotel's banquet manager, who regularly obtained price quotes and ordered supplies and equipment similar to the stolen property at issue. Kim identified photographs of the property taken at the time of defendant's arrest and testified that, in his opinion, the items' value would exceed $2,000 based on their condition. Viewing the evidence in this case, as we must, "in the light most favorable to the prosecution" (*People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that a rational jury could have found that the People proved all elements of the crime of criminal possession of stolen property in the fourth degree (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Further, " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*id.* at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]), we conclude that the verdict was not against the weight of the evidence.

We have considered defendant's remaining claims and find them to be without merit.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.