■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MORGAN, Appellant. [779 NYS2d 585]—

Appeal by the defendant from a judgment of the County

Court, Rockland County (Nelson, J.), rendered March 9, 2001, convicting him of criminal mischief in the second degree, attempted grand larceny in the third degree (two counts), auto stripping in the third degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions regarding the legal insufficiency of the evidence are only partially preserved for appellate review (*see People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The testimony of a police officer who caught the defendant attempting to use a screwdriver and a wire to start a car on a closed lot was sufficient to establish the defendant's guilt of attempted grand larceny in the third degree and possession of burglar's tools beyond a reasonable doubt (*see People v Cabrera,* 286 AD2d 509 [2001]; *People v Duran,* 238 AD2d 351 [1997]). Testimony that the defendant's fingerprints matched those found on the inside of a plastic ignition housing removed from the dashboard of a second automobile was similarly sufficient to sustain the defendant's conviction on a second count of attempted grand larceny in the third degree (*see People v Hirsch,* 280 AD2d 612 [2001]).

Additionally, there is no merit to the defendant's claim that the People failed to present legally sufficient evidence of the intent elements of the crimes of criminal mischief in the second degree and auto stripping in the third degree. The People demonstrated that the defendant caused damage to an automobile when he ripped out the steering column and ignition housing while attempting to steal the automobile (*see People v Robinson,* 95 NY2d 179 [2000]; *People v Misevis,* 155 AD2d 729 [1989]).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Altman, J.P., Smith, Krausman and Skelos, JJ., concur.