■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN HARDY, Appellant. [868 NYS2d 829]—

Stein, J.

Defendant and the victim met each other at a Narcotics Anonymous meeting and began dating in or about March 2004. They were soon engaged to be married and resided together at the victim's house, located at 634 Clinton Avenue in the City of Albany, until October 2004, when the engagement and their relationship was terminated and defendant moved out. According to the victim's testimony, when she returned home from work and approached the front door to her house one evening in January 2006 at approximately 9:20 P.M., defendant attacked her from inside the home. The altercation then spilled out into the yard, whereupon her next-door neighbor intervened. While speaking on the telephone to a 911 operator/dispatcher from

her neighbor's foyer, the victim observed defendant enter her house and leave with a garbage bag. The victim testified that, when she returned to her home after being transported to the hospital, she discovered that her microwave oven, $180 and a fur coat were missing.

Albany City Police Officer Brian Plante, one of the police officers dispatched to 634 Clinton Avenue, testified that while en route to that address, he and his partner encountered defendant, who matched the description of the possible suspect given to him by the dispatcher. At the time Plante first encountered defendant, defendant was wearing a fur coat.

Defendant was thereafter charged in a nine-count indictment with burglary in the first degree (two counts), attempted assault in the first degree (two counts), assault in the second degree (two counts), grand larceny in the third degree, criminal possession of stolen property in the third degree and resisting arrest.[1] After a trial, defendant was convicted of grand larceny in the third degree, criminal possession of stolen property in the third degree and resisting arrest. Defendant now appeals[2] and we affirm.

Initially, we note that defendant's appeal centers on his argument that the People failed to prove a particular element of the crimes of grand larceny in the third degree and criminal possession of stolen property in the third degree, namely, the value of the subject property. Because his counsel made only a general motion to dismiss at the close of the People's case, defendant failed to preserve his claim regarding the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 20 [1995]), and we decline to exercise our interest of justice jurisdiction (*see* CPL 470.15).

Next, we reject defendant's contention that his convictions of grand larceny in the third degree and criminal possession of stolen property in the third degree were against the weight of the evidence. To be convicted of grand larceny in the third degree and criminal possession of stolen property in the third degree, it must be established that defendant stole property and knowingly possessed stolen property, the value of which exceeded $3,000 (*see* Penal Law §§ 155.35, 165.50). Where

---

**1.** Prior to trial, County Court dismissed one count of attempted assault in the first degree as duplicitous and amended two other charges in a manner not relevant to this appeal.

**2.** Inasmuch as defendant did not raise any arguments regarding his conviction for resisting arrest on this appeal, he is deemed to have abandoned that portion of his appeal (*see Pizarro v State of New York*, 19 AD3d 891, 892 [2005], *lv denied* 5 NY3d 717 [2005]).

"based on all the credible evidence a different finding would not have been unreasonable" (*People v Bleakley*, 69 NY2d 490, 495 [1987]), "the court must [then] weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 348 [2007] [citation omitted]; *see People v Romero*, 7 NY3d 633, 636 [2006]; *People v Bleakley*, 69 NY2d at 495; *People v Khuong Dinh Pham*, 31 AD3d 962, 964 [2006]).

Here, the victim testified that defendant stole $180 from a sugar jar in her home, a new microwave oven—which she had purchased approximately five days earlier for $79 and had not yet removed from its box—and the fur coat that defendant was wearing at the time of his arrest. The victim also testified that she paid $6,000 for the fur coat in 2001. While defendant correctly asserts that evidence of the purchase price of the fur coat is insufficient to establish its value (*see People v Mayerhofer*, 283 AD2d 672, 674 [2001]; *People v Vandenburg*, 254 AD2d 532, 533-534 [1998], *lv denied* 93 NY2d 858 [1999]), the People also provided the testimony of a fur expert, who appraised the value of the fur coat at approximately $8,000. Defendant's contention that the expert's testimony was wrought with inconsistencies is belied by the record, and the fact that the expert's recollection needed to be refreshed during her testimony did not preclude the jury from finding her testimony to be credible (*see People v Smith*, 105 AD2d 981 [1984]). Furthermore, notwithstanding the expert's testimony regarding an increase in the fair market value of mink skins at or about the time of the theft—which was approximately four months prior to her appraisal—there was sufficient evidence to provide a reasonable basis for the jury to find that the value of the coat, alone, exceeded the statutory threshold (*see People v Mayerhofer*, 283 AD2d at 674-675; *People v Sheehy*, 274 AD2d 844, 845 [2000], *lv denied* 95 NY2d 938 [2000]). Thus, viewing the evidence in a neutral light and giving "appropriate deference to the jury's superior opportunity to assess the witnesses' credibility" (*People v Gilliam*, 36 AD3d 1151, 1152-1153 [2007], *lv denied* 8 NY3d 946 [2007]; *see People v Griffin*, 26 AD3d 594, 596 [2006], *lv denied* 7 NY3d 756 [2006]), even if a different finding would not have been unreasonable, we conclude that the verdict was not contrary to the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495).

Cardona, P.J., Spain, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.