■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH McCRAY, Appellant. [877 NYS2d 473]—Appeal by the defendant from a judgment ·of the Supreme Court, Kings County (Ingram, J.), rendered October 26, 2006, convicting him of grand larceny in the second degree, falsifying business records in the first degree, offering a false instrument for filing in the first degree, criminal mischief in the third degree (two counts), criminal trespass in the second degree (two counts), and criminal possession of a forged instrument in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see* Penal Law § 145.05 [2]; § 140.15 [1]; *People v James,* 111 AD2d 254, 255-256 [1985], *affd* 67 NY2d 662 [1986]; *People v Alexander,* 41 AD3d 1200, 1201 [2007]; *People v Adams,* 8 AD3d 893, 893-894 [2004]; *People v Sheehy,* 274 AD2d 844, 845 [2000]; *People v Jackson,* 194 AD2d 691, 692 [1993]; *People v White,* 167 AD2d 256 [1990]; *People v Arguirre,* 159 AD2d 510 [1990]; *People v Callaway,* 133 AD2d 838 [1987]). Accordingly, the defendant's contention that the evidence presented by the People to the grand jury was legally insufficient to support the charges he was convicted of is not reviewable, as the defendant was convicted at trial based on legally sufficient evidence (*see* CPL 210.30 [6]; *People v Haberer,* 24 AD3d 1283, 1284 [2005]; *People v Silva,* 306 AD2d 424, 425 [2003]).

Moreover, in fulfilling our responsibility to conduct an inde-

pendent review of the weight of the evidence (see CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see *People v Romero*, 7 NY3d 633 [2006]).

The defendant's claim that the grand jury proceeding was defective is unpreserved for appellate review (see CPL 210.20 [2]; 255.20; *People v Pressley*, 94 NY2d 935, 937 [2000]; *People v Iannone*, 45 NY2d 589, 600 [1978]; *People v Lewis*, 283 AD2d 442 [2001]; *People v Beyor*, 272 AD2d 929, 930 [2000]; *People v Sheltray*, 244 AD2d 854 [1997]).

The defendant's contention that defense counsel was ineffective because he did not move to dismiss the indictment on the ground that the grand jury proceeding was defective constitutes an off-the-record claim which is unreviewable on direct appeal (see *People v Jackson*, 304 AD2d 327, 328 [2003]). The defendant's remaining claims of ineffective assistance of trial counsel are without merit. The defendant was afforded meaningful representation (see *People v Ennis*, 11 NY3d 403 [2008]; *People v Turner*, 5 NY3d 476, 480 [2005]; *People v Benevento*, 91 NY2d 708 [1998]). Mastro, J.P., Dillon, Leventhal and Chambers, JJ., concur.