■ The People of the State of New York, Respondent, v William Royster, Appellant. [967 NYS2d 533]—

Rose, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered November 23, 2011, upon a verdict convicting defendant of the crimes of burglary in the second degree, criminal possession of stolen property in the third degree, petit larceny (two counts), possession of burglar's tools and criminal possession of stolen property in the fifth degree.

Defendant was charged in an eight-count indictment in connection with the theft of a motor vehicle and two residential burglaries. He was convicted by a jury of one count of burglary in the second degree, criminal possession of stolen property in the third degree, two counts of petit larceny, possession of burglar's tools and criminal possession of stolen property in the fifth degree. County Court sentenced defendant, as a second felony offender, to an aggregate prison term of 17 to 20 years with five years of postrelease supervision. He now appeals.

Defendant failed to preserve his challenge to the legal sufficiency of the evidence. Nevertheless, we will necessarily evaluate whether the evidence supports each element of the crimes in the course of our review of his claim that the verdict is contrary to the weight of the evidence (see People v Townsend, 94 AD3d 1330, 1330 n 1 [2012], lv denied 19 NY3d 1105 [2012]). Where, as here, an acquittal would not have been unreasonable, we view the evidence in a neutral light and, while giving deference to the jury's credibility determinations, " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (People v Bleakley, 69 NY2d 490, 495 [1987], quoting People ex rel. MacCracken v Miller, 291 NY 55, 62 [1943]). In doing so, we find merit in defendant's argument that the convictions of petit larceny with respect to a cellular telephone taken from one of the residences and possession of burglar's tools are against the weight of the evidence.

To convict defendant of petit larceny, the People were required to prove beyond a reasonable doubt that he stole property (see Penal Law § 155.25). The phone's owner testified that it was taken from her home and there was evidence that, in the hours after the phone was stolen, it was used to call a telephone number belonging to defendant's mother as well as a local office of the Salvation Army, which reported receiving a message from defendant that same morning. There was, however, no evidence placing defendant near the home at any time and the stolen phone itself was never recovered. Inasmuch as the People's theory was that defendant had stolen the phone during the course

of burglarizing the residence and he was acquitted of that burglary, we conclude that the weight of the evidence does not support a finding that defendant stole the phone (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]; *compare People v Edwards*, 96 AD3d 1089, 1090-1091 [2012], *lv denied* 19 NY3d 1102 [2012]; *People v Brisson*, 68 AD3d 1544, 1546-1547 [2009], *lv denied* 14 NY3d 798 [2010]).

The People also failed to prove that defendant, who had a screwdriver on his person upon his arrest, possessed that item "under circumstances evincing an intent to use [it] . . . in the commission of [a burglary]" (Penal Law § 140.35). Simply put, there was no evidence that defendant had used the screwdriver in a manner evidencing an unlawful intent. There was, on the other hand, evidence that homeless individuals, such as defendant, often carry tools for other purposes. Accordingly, defendant's conviction for possession of burglar's tools was contrary to the weight of the evidence (*see People v Watson*, 45 AD3d 1342, 1343 [2007], *lv denied* 10 NY3d 818 [2008]; *compare People v Borrero*, 26 NY2d 430, 436 [1970]; *People v Morgan*, 9 AD3d 375, 376 [2004], *lv denied* 3 NY3d 741 [2004]).

Defendant also argues that his conviction for criminal possession of stolen property in the third degree for theft of a motor vehicle must be reversed because the People failed to prove his knowledge that the vehicle was stolen and that its value exceeded $3,000 (*see* Penal Law § 165.50). In addition, defendant argues that County Court abused its discretion by imposing an insufficient sanction for the People's failure to timely provide photographs of the vehicle and to photograph its motor as required by Penal Law § 450.10 (4) (c). We cannot agree. Where noncompliance with Penal Law § 450.10 prejudices the defendant, the trial court must "instruct the jury that it may consider such failure in determining the weight to be given such evidence" (Penal Law § 450.10 [10]). The court may order additional sanctions as it sees fit (*see* Penal Law § 450.10 [10]; CPL 240.70 [1]). Here, County Court admitted the photographs, while providing the proper jury instruction and also informing the jury that it should consider the lesser included offense of criminal possession of stolen property in the fifth degree if the value of the vehicle was not proven beyond a reasonable doubt. Given these measures taken by the court, we discern no abuse of discretion (*see People v Perkins*, 56 AD3d 944, 946 [2008], *lv denied* 12 NY3d 786 [2009]).

Nor was the jury's conclusion that the vehicle was valued at over $3,000 against the weight of the evidence (*see People v Hardy*, 57 AD3d 1100, 1102 [2008], *lv denied* 12 NY3d 784

[2009]). Despite the lack of photographic evidence of the vehicle's motor, the jury could reasonably infer that there was one from the owner's testimony that she drove the vehicle home after the police returned the key to her and an appraiser's testimony that the vehicle was worth $17,950 as of the date of theft (*see People v Sheehy*, 274 AD2d 844, 845 [2000], *lv denied* 95 NY2d 938 [2000]). The jury could also permissibly infer defendant's knowledge that the vehicle was stolen from evidence that it had been taken from the owner's driveway with a spare key, which was found hidden in defendant's shirt when he was arrested (*see People v Jackson*, 282 AD2d 830, 832-833 [2001], *lv denied* 96 NY2d 902 [2001]; *People v Landfair*, 191 AD2d 825, 826-827 [1993], *lv denied* 81 NY2d 1015 [1993]). The remaining convictions were not contrary to the weight of the evidence, given that defendant was found in exclusive and recent possession of the stolen items within the time frame when the owner of the home testified that they were taken from his residence by an intruder (*see People v Baskerville*, 60 NY2d 374, 382 [1983]; *People v Merritt*, 96 AD3d 1169, 1171 [2012], *lv denied* 19 NY3d 1027 [2012]).

Defendant's *Molineux* challenge is also unavailing. Evidence of uncharged crimes was admissible here to establish defendant's identity and to complete a witness's narrative that was inextricably interwoven with the evidence of the charged crimes (*see People v Bickley*, 99 AD3d 1113, 1114-1115 [2012], *lv denied* 20 NY3d 1009 [2013]; *People v Burnell*, 89 AD3d 1118, 1120 [2011], *lv denied* 18 NY3d 922 [2012]). Because a syringe cap to a hypodermic needle had been found inside the stolen vehicle, evidence that defendant appeared to be under the influence of drugs when he was found by police and that there was a bloody, used hypodermic needle lying near him was probative of his identity as the possessor of the stolen vehicle. We cannot say that the People's failure to request pretrial review of the proffered *Molineux* evidence warranted preclusion here, as the issue was discussed and ruled on outside of the presence of the jury, prior to any testimony or references to defendant's alleged drug use (*see People v Small*, 12 NY3d 732, 733 [2009]; *People v Torres*, 300 AD2d 46, 46-47 [2002], *lv denied* 99 NY2d 633 [2003]). Further, County Court gave proper limiting instructions and, as the probative value of the proof outweighed its prejudicial effect, its admission was not error (*see People v Bickley*, 99 AD3d at 1114; *People v Buchanan*, 95 AD3d 1433, 1436 [2012]).

Finally, we are not persuaded by defendant's argument that the sentence was harsh and excessive. Although the sentence

imposed was greater than that offered to defendant prior to trial, there is no evidence indicating that he was punished for pursuing his right to proceed to trial (*see People v Souffrant*, 93 AD3d 885, 887 [2012], *lv denied* 19 NY3d 968 [2012]; *People v Kidwell*, 88 AD3d 1060, 1062-1063 [2011]). Defendant's remaining contentions have been considered and found to be unavailing.

Peters, P.J., Stein and Garry, JJ., concur. Ordered that the judgment is modified, on the facts, by reversing defendant's convictions of petit larceny and possession of burglar's tools under counts 2 and 5 of the indictment; said counts dismissed and the sentences imposed thereon vacated; and, as so modified, affirmed.