*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 17, 2014                    105208
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

KELLY L. HELMS,
                        Appellant.
_____

Calendar Date:  June 5, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

_____

        John Ferrara, Monticello, for appellant.

        James R. Farrell, District Attorney, Monticello (Katy
Schlichtman of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Sullivan
County (LaBuda, J.), rendered June 5, 2012, upon a verdict
convicting defendant of the crimes of grand larceny in the third
degree, grand larceny in the fourth degree, criminal possession
of stolen property in the third degree (two counts), criminal
possession of stolen property in the fifth degree (two counts),
petit larceny and obstructing governmental administration in the
second degree.

        Defendant was charged with, among other things, burglary in
the second degree, after property stolen from several burglarized
homes was found in her residence.  Following a jury trial, she
was convicted of grand larceny in the third degree, grand larceny
in the fourth degree, criminal possession of stolen property in

the third degree (two counts), criminal possession of stolen property in the fifth degree (two counts), petit larceny and obstructing governmental administration in the second degree. County Court sentenced her to a prison term of 2⅓ to 7 years on the convictions for grand larceny in the third degree and criminal possession of stolen property in the third degree, 1⅓ to 6 years on the conviction for grand larceny in the fourth degree and one year on the remaining misdemeanor convictions, with all sentences to run concurrently. She now appeals, arguing that the People did not establish the value of the stolen property and her sentence was an abuse of discretion.

The People were required to establish, with respect to grand larceny in the third degree and criminal possession of stolen property in the third degree, that the value of the stolen goods exceeded $3,000 (see Penal Law §§ 155.35 [1]; 165.50). With respect to grand larceny in the fourth degree, the People were required to establish that the value of the stolen goods exceeded $1,000 (see Penal Law § 155.30 [1]). In this context, value is defined as "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime" (Penal Law § 155.20 [1]; see People v Adams, 8 AD3d 893, 893-894 [2004]; People v Sheehy, 274 AD2d 844, 845 [2000], lv denied 95 NY2d 938 [2000]). "In determining the value of stolen property, the jury need only have a reasonable, rather than speculative, basis for inferring that the value exceeded" the statutory requirement (People v Adams, 8 AD3d at 894; see People v Sheehy, 274 AD2d at 845).

Based upon our review of the record, there was sufficient evidence regarding the cost of the items and their condition for the jury to reasonably infer that the value exceeded the relevant statutory thresholds. Over 100 pieces of jewelry that belonged to one of the victims were recovered and submitted to the jury with values placed on each piece. The victim testified that she is a frequent purchaser of jewelry and assigned value to each piece based on her purchase of them or information obtained from her mother, catalogs or Internet research as to the cost of the items. Defendant did not object to the victim's hearsay testimony and made only a general objection to the valuation of

the items submitted to the jury (see CPL 470.05 [2]; People v Bertone, 16 AD3d 710, 712 [2005], lv denied 5 NY3d 759 [2005]; People v Cody, 260 AD2d 718, 721 [1999], lv denied 93 NY2d 1002 [1999]; People v McGuinness, 245 AD2d 701, 702 [1997]).  Further, any deficiency in the victim's testimony regarding the condition of the items was alleviated by the fact that all of the pieces of jewelry were admitted into evidence and available for the jury to inspect and review (see People v McPherson, 286 AD2d 616, 616 [2001], lv denied 97 NY2d 685 [2001]; People v Mayerhofer, 283 AD2d 672, 675 [2001]).  Contrary to defendant's contention, expert testimony was not required, inasmuch as "opinion testimony by a lay witness is competent to establish the value of the property if the witness is acquainted with the value of similar property" (People v Sheehy, 274 AD2d at 845; see People v Adams, 8 AD3d at 894; see also People v Bravo, 295 AD2d 213, 214 [2002], lv denied 99 NY2d 556 [2002]).

Another victim testified that the items stolen from his residence included, among other things, a wedding ring that cost approximately $400 and a diamond ring that cost $1,400, both of which were in good condition.  Although defendant faults this victim's testimony as containing rough estimations, his testimony as to the value of the diamond ring and its condition was unequivocal and it alone exceeds the statutory threshold.  Even accepting the lowest estimates provided for the remaining items, the combined value of the jewelry and currency stolen from this victim's residence is well in excess of the statutory threshold.  Viewing the evidence in the light most favorable to the People, we conclude that a rational jury could infer rather than merely speculate that the value of the stolen property exceeded the statutory threshold (see People v Bleakley, 69 NY2d 490, 495 [1987]).  Further, viewing the evidence in a neutral light, and giving appropriate deference to the jury's credibility determinations, we decline to disturb the verdicts as against the weight of the evidence (see People v Bruno, 63 AD3d 1297, 1300 [2009], lv denied 13 NY3d 858 [2009]; People v Adams, 8 AD3d at 894).

We also decline to modify the sentence.  We are not persuaded that County Court imposed the sentence as a punishment for defendant's exercise of her right to trial, and we note that

the court relied on appropriate sentencing factors and exercised a degree of leniency by running the sentences concurrently and ordering shock incarceration (see People v Matthews, 101 AD3d 1363, 1366 [2012], lvs denied 20 NY3d 1101, 1104 [2013]; People v Vargas, 72 AD3d 1114, 1120-1121 [2010], lv denied 15 NY3d 758 [2010]; People v Merck, 63 AD3d 1374, 1376 [2009], lv denied 13 NY3d 861 [2009]).  Moreover, the Department of Corrections and Community Supervision's publicly maintained inmate database indicates that defendant has already been released from custody. Nevertheless, the sentence of 1⅓ to 6 years for the conviction for grand larceny in the fourth degree is illegal (see Penal Law § 70.00 [2] [e]; [3] [b]), and we will reduce it to 1⅓ to 4 years (see People v LaSalle, 95 NY2d 827, 829 [2000]).

Lahtinen, J.P., McCarthy, Lynch and Devine, JJ., concur.

ORDERED that the judgment is modified, by reducing defendant's sentence for grand larceny in the fourth degree under count 6 of the indictment to 1⅓ to 4 years and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court