## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 20, 2014                    105747
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

            v                              MEMORANDUM AND ORDER

RONNIE J. GUARNIERI JR.,
                    Appellant.
_____

Calendar Date:  October 14, 2014

Before:  Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.

_____

        Paul R. Corradini, Elmira, for appellant.

        Kirk O. Martin, District Attorney, Owego (Eric H. Gartenman of counsel), for respondent.

_____

Stein, J.

        Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered December 3, 2012, upon a verdict convicting defendant of the crime of grand larceny in the third degree.

        Defendant was charged by indictment with the crime of grand larceny in the third degree based upon allegations that he stole aluminum irrigation pipes from a farm located in the Town of Owego, Tioga County.  Following a trial at which defendant waived counsel and represented himself, he was convicted as charged. Defendant was subsequently sentenced, as a second felony offender, to a prison term of 3 to 6 years and was also directed to pay restitution.  Upon this appeal by defendant, we now reverse the judgment of conviction and remit for a new trial.

Initially, we reject defendant's arguments that the evidence was legally insufficient and that the verdict was against the weight of the evidence. As relevant here, grand larceny in the third degree is established by proof beyond a reasonable doubt that defendant stole property that has a value exceeding $3,000 (see Penal Law § 155.35 [1]; People v Khan, 18 NY3d 535, 542 [2012]). In this regard, the value of stolen property is "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime" (Penal Law § 155.20 [1]; see People v Helms, 119 AD3d 1153, 1154 [2014]; People v Loomis, 56 AD3d 1046, 1047 [2008]). Although expert evidence as to value is not necessary (see People v Helms, 119 AD3d at 1155; People v Sheehy, 274 AD2d 844, 845 [2000], lv denied 95 NY2d 938 [2000]), the People are required to proffer something more than conclusory statements and there must be "a basis of knowledge" for a witness's "statement of value before it can be accepted as legally sufficient evidence of such value" (People v Lopez, 79 NY2d 402, 404 [1992]; see People v Loomis, 56 AD3d at 1047).

Here, one of the victims testified that 40 to 50 pieces of six-inch aluminum pipe were stolen from his property and that he had paid $125 per pipe when he purchased them in the early 1980s. While such testimony, by itself, is insufficient to establish the current value of the pipes (see People v Morgan, 111 AD3d 1254, 1257 [2013]; People v Vandenburg, 254 AD2d 532, 533 [1998], lv denied 93 NY2d 858 [1999]), the victim further testified that they were in the same condition as when he purchased them and that they had not depreciated in value. The victim exhibited detailed knowledge about irrigation pipes and he testified that, based upon his recent attendance at auctions, he was aware that the current value of the type of pipes involved here was comparable to the price he paid for them. Viewing the evidence in a light most favorable to the People, we conclude that the victim's testimony was sufficient to enable the jury to reasonably "infer[,] rather than merely speculate[,] that the value of the stolen [items] exceeded the statutory threshold" (People v Helms, 119 AD3d at 1155; compare People v Vandenburg, 254 AD2d at 534). Moreover, while a different verdict would not have been unreasonable, when we view the evidence in a neutral

light and give the appropriate deference to the jury's credibility assessments, we are satisfied that the verdict is in accord with the weight of the evidence (see People v Helms, 119 AD3d at 1155; People v Hardy, 57 AD3d 1100, 1102 [2008], lv denied 12 NY3d 784 [2009]).

However, we are persuaded by defendant's assertion that County Court failed to ensure that he validly waived his constitutional right to counsel before permitting him to represent himself at trial. A defendant seeking permission to proceed pro se must "effectuate[] a knowing, voluntary and intelligent waiver of the right to counsel" (People v Stone, 22 NY3d 520, 525 [2014]; see People v Arroyo, 98 NY2d 101, 103 [2002]; People v McIntyre, 36 NY2d 10, 17 [1974]). To this end, the trial court is required to "conduct a 'searching inquiry' to clarify that [the] defendant understands the ramifications of such a decision" (People v Stone, 22 NY3d at 525; see People v Providence, 2 NY3d 579, 580 [2004]; People v Arroyo, 98 NY2d at 103-104; People v Slaughter, 78 NY2d 485, 491 [1991]). The court's inquiry "'must accomplish the goals of adequately warning a defendant of the risks inherent in proceeding pro se, and apprising a defendant of the singular importance of the lawyer in the adversarial system of adjudication'" (People v Crampe, 17 NY3d 469, 482 [2011], cert denied ___ US ___, 132 S Ct 1746 [2012], quoting People v Arroyo, 98 NY2d at 104; accord People v Smith, 92 NY2d 516, 520 [1998]; People v Dashnaw, 116 AD3d 1222, 1231 [2014], lv denied 23 NY3d 1019 [2014]). As the reviewing court, we may "look to the whole record, not simply to the waiver colloquy, in order to determine if a defendant effectively waived counsel" (People v Providence, 2 NY3d at 583).

Having carefully reviewed the entire record, we conclude that County Court's inquiry was insufficient to establish that defendant knowingly, intelligently and voluntarily waived his right to counsel. We recognize that defendant unequivocally expressed his desire to represent himself,[1] acknowledged that he

---

[1] Although defendant appeared pro se since arraignment, County Court's inquiry into defendant's decision to represent himself did not occur until immediately prior to the commencement

was aware of his constitutional right to an attorney and that he would be appointed an attorney if he could not afford one, and confirmed that he had made the decision to represent himself on his own accord.  In addition, before determining that defendant had sufficient competence and intelligence to represent himself, County Court inquired as to defendant's age, education and employment status, which revealed that defendant was 48 years old, held an Associate's degree and was employed as a truck driver.  The court also questioned defendant regarding his familiarity with certain legal concepts, to which defendant demonstrated a rudimentary understanding of, among other things, the order of a criminal trial and the concept of hearsay.  Significantly, however, while the court also advised defendant of several additional legal concepts, it did not sufficiently advise him of "the 'dangers and disadvantages' of proceeding pro se and the value of trained trial counsel knowledgeable about criminal law and procedure" (People v Yu-Jen Chang, 92 AD3d 1132, 1133 [2012], quoting People v Providence, 2 NY3d at 582).  In fact, with respect to the dangers of self-representation, the court merely noted that defendant risked "losing objectivity" by representing himself.  Absent from County Court's inquiry was any warning that defendant's "lack of knowledge, relative to that of a lawyer, [would] be detrimental if [he] cho[se] to waive the right to counsel" (People v Dashnaw, 116 AD3d at 1231 [internal quotation marks and citations omitted]).  Having failed to focus on this critical consideration before permitting defendant to represent himself, we are of the view that County Court's inquiry was insufficient to permit a finding that defendant knowingly, intelligently and voluntarily waived his right to counsel.  Thus, the judgment of conviction must be reversed and the matter remitted for a new trial.

　　　　Peters, P.J., Rose, Egan Jr. and Clark, JJ., concur.

of jury selection (see generally People v Lott, 23 AD3d 1088, 1088-1089 [2005]).

ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Tioga County for a new trial.


ENTER:

Robert D. Mayberger
Clerk of the Court