People v Butcher (2021 NY Slip Op 01291)





People v Butcher


2021 NY Slip Op 01291


Decided on March 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 4, 2021

110588

[*1]The People of the State of New York, Respondent,
v
Albert L. Butcher, Appellant.

Calendar Date: January 12, 2021

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Catherine A. Barber, Guilderland, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (William D. VanDelinder of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Chemung County (Baker, J.), rendered April 6, 2018, upon a verdict convicting defendant of the crimes of grand larceny in the third degree and criminal trespass in the third degree.
Defendant was charged in a five-count indictment arising from incidents on two dates; on the first date defendant allegedly entered a storage building on the victim's business property and removed tires, and on the following day defendant allegedly stole a box truck from the property outside the victim's home. Following a Huntley hearing, County Court denied defendant's suppression motion. At the conclusion of trial, the jury found him guilty of grand larceny in the third degree for stealing the truck and of criminal trespass in the third degree for entering the storage building, but acquitted him of the three remaining counts. The court sentenced him, as a second felony offender, to a prison term of 3½ to 7 years for the grand larceny conviction and to a lesser concurrent term of incarceration for the criminal trespass conviction. Defendant appeals.
County Court properly denied defendant's motion to suppress the statements that he made to an investigator. "The People bore the burden of proving the voluntariness of defendant's statements beyond a reasonable doubt, including that any custodial interrogation was preceded by the administration and defendant's knowing waiver of his Miranda rights" (People v Byrd, 152 AD3d 984, 985 [2017] [internal quotation marks and citations omitted]; see People v Fisher, 126 AD3d 1048, 1049 [2015]). "Determining whether a statement is voluntary is a factual issue governed by the totality of the circumstances and the credibility assessments of the suppression court in making that determination are entitled to deference" (People v Fisher, 126 AD3d at 1049 [internal quotation marks, brackets and citation omitted]). A defendant's intoxication or the influence of narcotics or medications are factors to be considered when determining voluntariness, but such a condition typically will not render a statement involuntary unless it rises "to the level where the defendant is unable to comprehend the meaning of his or her words" (People v Dale, 115 AD3d 1002, 1003 [2014] [internal quotation marks and citations omitted]; see People v Schompert, 19 NY2d 300, 305 [1967], cert denied 389 US 874 [1967]; People v Dasher, 109 AD3d 1125, 1125 [2013], lvs denied 22 NY3d 1040 [2013]; People v Van Guilder, 29 AD3d 1226, 1227 [2006], lv denied 7 NY3d 796 [2006]).
At the suppression hearing, the investigator testified that he went to see defendant at a hospital three days after defendant was admitted for an allergic reaction. According to the investigator, a nurse informed him that defendant was not on any pain medication or anything that would prevent him from communicating. The investigator testified that defendant may have had an IV drip at the time, but there was no evidence regarding what medications [*2]defendant had taken or was taking. During the interview, which lasted approximately one hour, defendant was sitting up, did not show any physical symptoms of infirmity and was "very coherent, very lucid." The investigator administered the Miranda warnings at the beginning of the interview and, after defendant waived those rights, defendant coherently answered questions and provided explanations for his behavior on the victim's property. Shortly after the investigator left, he was informed that defendant had checked himself out of the hospital. Under the circumstances, County Court did not err in finding the investigator's testimony credible and, relying on that testimony, in concluding that defendant's statements were voluntarily made after he knowingly waived his Miranda rights (see People v O'Brien, 186 AD3d 1406, 1407 [2020], lv denied 36 NY3d 930 [2020]; People v Dale, 115 AD3d at 1003-1004).
The convictions are not against the weight of the evidence. Although defendant's general motion to dismiss lacked the specificity required to preserve his challenge to the legal sufficiency of the evidence, in reviewing the weight of the evidence this Court must necessarily determine whether the People have proven all the elements of the charged crimes (see People v Bombard, 187 AD3d 1417, 1417-1418 [2020]; People v Secor, 162 AD3d 1411, 1412 [2018], lv denied 32 NY3d 941 [2018]; People v Loomis, 56 AD3d 1046, 1046-1047 [2008]). "When conducting this review, we consider the evidence in a neutral light and defer to the jury's credibility assessments" (People v Conway, 179 AD3d 1218, 1218 [2020] [internal quotation marks and citation omitted], lv denied 35 NY3d 941 [2020]).
Regarding criminal trespass in the third degree, a video depicts a man, identified by the victim as defendant, entering the victim's storage building. The victim testified that defendant never had permission to enter that building without the victim being present. Giving deference to the jury's credibility findings, the evidence established that defendant unlawfully entered the building (see Penal Law § 140.10 [a]).
A person is guilty of grand larceny in the third degree when he or she steals property valued in excess of $3,000 (see Penal Law § 155.35 [1]). "In this context, value is defined as 'the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime'" (People v Helms, 119 AD3d 1153, 1154 [2014], lv denied 24 NY3d 1044 [2014], quoting Penal Law § 155.20 [1]). "In determining the value of stolen property, the jury need only have a reasonable, rather than speculative, basis for inferring that the value exceeded the statutory requirement" (People v Helms, 119 AD3d at 1154 [internal quotation marks and citations omitted]). "[B]ecause property valuation is not strictly a subject for expert testimony, opinion testimony by a lay witness [*3]is competent to establish the value of the property if the witness is acquainted with the value of similar property" (People v Furman, 152 AD3d 870, 874 [2017] [internal quotation marks and citation omitted], lv denied 30 NY3d 1060 [2017]; see People v Helms, 119 AD3d at 1155).
The investigator testified that defendant admitted having driven the truck away from the victim's house, and had asserted that he was allowed to drive it. The victim testified that he did not grant such permission. He owns two businesses and, although defendant sometimes worked for the victim in his auto business, there would be no reason for defendant to drive the box truck, as that was used only in his other business.
As for the value of the truck, the victim testified that knowing the value of and setting prices for vehicles is part of his auto business. He attends car auctions twice each week, buys vehicles, repairs them and resells them. The victim testified that he had also purchased multiple dump trucks in the past. He had purchased this box truck approximately four or five years earlier for about $4,000, and it was not in good working order at the time. He made repairs thereafter and had maintained the truck in good working order since. After mentioning some factors that he relies upon to determine a vehicle's value, the victim testified that the truck was worth approximately $5,500 to $6,000. We find that the victim's testimony provided a reasonable basis for the jury to determine that the value of the truck exceeded $3,000 (see People v Furman, 152 AD3d at 874; People v Helms, 119 AD3d at 1154-1155; People v Sheehy, 274 AD2d 844, 845 [2000], lv denied 95 NY2d 938 [2000]; compare People v Loomis, 56 AD3d at 1047).
Finally, considering defendant's extensive criminal history and his refusal to accept responsibility for his actions, we do not find the sentence to be harsh or excessive (see People v Malloy, 152 AD3d 968, 971 [2017], lv denied 30 NY3d 981 [2017]).
Egan Jr., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.