■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY T. CANALE, Appellant. [704 NYS2d 151] —Graffeo, J. Appeal from a judgment of the County Court of Warren County (Scarano, J.), rendered October 31, 1997, convicting defendant following a nonjury trial of the crime of conspiracy in the fifth degree.

On November 3, 1995, defendant, an attorney licensed to practice law in New York, contacted Edwin Dalston by telephone to arrange a meeting to discuss a child custody dispute erupting between Dalston and his former paramour, Karen Reilly, involving a daughter born to them in June 1995. Notably, two months earlier defendant had become romantically involved with Reilly and undertook legal representation of her several weeks later in connection with a custody proceeding regarding her son, to which Dalston was not a party. During the telephone conversation with Dalston, defendant allegedly offered to supply damaging information about Reilly and offered to give testimony helpful to Dalston in Family Court in exchange for $500. Defendant and Dalston arranged to meet at a restaurant in Warren County on November 5, 1995 and after receiving $400 of the requested $500 from Dalston, defendant supplied certain information concerning Reilly to Dalston.

Unbeknownst to defendant, Dalston recorded their conversation at the November meeting. Thereafter, defendant was charged with the crimes of bribe receiving by a witness, conspiracy in the fifth degree and misconduct by an attorney. In response to defendant's motion to dismiss, County Court dismissed the counts of bribe receiving and misconduct by an attorney. However, on appeal this ruling was reversed, in part, and the bribe receiving count was reinstated (see, 240 AD2d 839). At the completion of a bench trial, defendant was convicted of conspiracy in the fifth degree and sentenced to a three-year term of probation. Defendant now appeals contending that there was insufficient evidence to support his conviction.

In order to satisfy the burden of proof in a case involving conspiracy in the fifth degree, it must be shown, as is relevant here, that "with intent that conduct constituting * * * a felony be performed * * * [a person] agrees with one or more persons to engage in or cause the performance of such conduct" (Penal Law § 105.05 [1]). Additionally, it must also be proven that one of the conspirators committed an overt act in furtherance of the conspiracy (see, Penal Law § 105.20).

Here, in addition to testimony by Dalston and other witnesses, the prosecution submitted the tape recording of the

conversation in the restaurant between Dalston, his sister and defendant which established that defendant offered to provide negative and privileged information, including confidences acquired by virtue of his attorney-client relationship, as well as testimony in Family Court, in exchange for a cash payment. The prosecution further offered evidence that defendant had stated that if their meeting was disclosed to anyone, he would "deny everything". Defendant also concocted a fictitious story to explain the existence of previous telephone conversations between the two men in the event their telephone records were subpoenaed, and devised a means of future contact to accommodate subsequent communication. Hence, the agreement to conceal the exchange of confidential and privileged information obtained through the course of defendant's previous representation of Reilly and his promise to testify falsely in future Family Court proceedings constituted an agreement between the two parties to engage in perjurious conduct constituting a felony. Under these circumstances, we conclude that this evidence was sufficient to establish the existence of a conspiracy (*see, People v Sledge*, 223 AD2d 922, 926, *lv denied* 88 NY2d 854; *People v Gerenstein*, 179 AD2d 930, 934-935, *lv denied* 79 NY2d 1049).

Defendant next contends that the payment of $400 did not constitute an overt act sufficient to satisfy the requirement of Penal Law § 105.20 since the money represented partial repayment of a loan owed to him by Reilly. An overt act in furtherance of a conspiracy "need not necessarily be the object of the crime" (*People v Ribowsky*, 77 NY2d 284, 293) and may include "[a]cts of concealment occurring before, during or, in some cases, after the conspiratorial objective is achieved" (*id.*, at 293). The record reveals that after the terms of the agreement were articulated and money was exchanged, defendant supplied Dalston with certain confidential and privileged information regarding Reilly and further recommended that he be issued a subpoena to testify. After recommending to Dalston how to utilize the information against Reilly, defendant warned Dalston to keep the meeting and their arrangement secret because if anything went awry, he intended to disclaim any involvement. As defendant's acts of concealment, including the fictitious story to explain his contacts with Dalston, occurred after the conspiratorial arrangement for information and testimony, and his discussion with Dalston was aimed at accomplishing the conspiratorial objective, we find sufficient evidence to support a finding that defendant engaged in an overt act within the meaning of Penal Law § 105.20 (*see, People v Gerenstein, supra*, at 935; *People v Weaver*, 157 AD2d 983, 984-985, *lv denied* 76 NY2d 744).

Lastly, viewing this evidence in a light most favorable to the prosecution (*see, People v Harper*, 75 NY2d 313, 316; *People v Contes*, 60 NY2d 620, 621), we conclude that the evidence was legally sufficient as a rational trier of fact could have found that it established the crime of conspiracy in the fifth degree beyond a reasonable doubt (*see, People v Alwadish*, 67 NY2d 973).

Spain, J. P., Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.