■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN M. ORMSBY, Appellant. [774 NYS2d 191]—

Lahtinen, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered December 5, 2001, upon a verdict convicting defendant of the crimes of tampering with physical evidence in the first degree, perjury in the second degree, making an apparently sworn false statement in the first degree and conspiracy in the fifth degree.

Defendant was convicted following a jury trial of four crimes arising out of his submission of a fabricated receipt and a false affidavit in support of a motion he made seeking reversal of a prior conviction from Clinton County. He contended in the motion, which was made in this Court, that he had not been in court in Clinton County on the date of his guilty plea. Louis Schipano, an inmate with whom defendant was incarcerated at Auburn Correctional Facility in Cayuga County, purportedly agreed to provide a fabricated receipt reflecting that defendant was in the City of Utica, Oneida County, rather than Clinton County on October 27, 1997, the date of his prior conviction. Schipano's sister, Christine Marsh, prepared the receipt and allegedly sent it to defendant's mother, Gladys Ormsby, who resided in Clinton County. Ormsby then purportedly mailed the fabricated receipt as well as an altered copy of the fabricated receipt to defendant at Auburn.

Defendant attached the receipt to an affidavit that stated, "I was not in Clinton County courthouse at any time on October 27, 1997" but was "in the Utica area shopping for auto parts" as shown by "the attached receipt from Christine Marsh showing that on said date I had paid her $175.00 for a used drive shaft." Although the motion in which the false affidavit and fabricated receipt were submitted was eventually withdrawn, the Clinton County District Attorney presented the matter to a grand jury and obtained a four-count indictment charging defendant with the crimes of tampering with physical evidence in the first degree, perjury in the second degree, making an apparently sworn false statement in the first degree and conspiracy in the fifth degree. After being found guilty of all four counts, defendant was sentenced as a second felony offender to concurrent 2 to 4-year prison terms for perjury and making an appar-

ently sworn false statement, a consecutive 2 to 4-year prison term for tampering with physical evidence, and a one-year term, concurrent with the other sentences, for the conspiracy conviction. Defendant appeals.

Defendant argues that Clinton County did not have jurisdiction to try him. "The burden is on the People to prove at trial either that the county of prosecution is where the crime was committed or that a statutory exception applies" (*People v Greenberg*, 89 NY2d 553, 555 [1997]). Conspiracy is a statutory exception (*see* CPL 20.40 [1] [b]) and "it may be prosecuted in the county in which defendant entered into the conspiracy or any county in which an overt act in furtherance of the conspiracy was committed by defendant or one of the coconspirators" (*People v Ribowsky*, 77 NY2d 284, 292 [1991]). The burden with respect to establishing that venue is proper need only be established by a preponderance of the evidence (*see id.* at 291-292).

Initially, we note that the issue of jurisdiction was submitted to the jury as a threshold question and the jury found that Clinton County had jurisdiction. Schipano testified that defendant told him that he was trying to get a Clinton County conviction overturned and Schipano offered, ostensibly in exchange for certain consideration, to procure a receipt made out to defendant from his family's automobile body business in Utica dated October 27, 1997. Schipano's sister, Marsh, related that after receiving a check for $150 and a request for the receipt, she created and mailed the receipt. Evidence was also presented at trial through Mark Miller, a senior investigator in the Inspector General's office of the Department of Correctional Services. He had been monitoring defendant's mail and described certain correspondence between defendant and his mother. The mail from defendant's mother included her return address in Clinton County. In one such envelope was the receipt prepared by Marsh and an altered receipt. Miller intercepted a later letter from defendant to his mother instructing her not to discuss with the inspector general that "you sent $150.00 for the receipt" and indicating that he was going to use the receipt to support his pending motion in this Court. The evidence amply established a conspiracy with acts by a coconspirator in Clinton County.

We find unpersuasive defendant's further arguments that the convictions were not supported by legally sufficient evidence and were against the weight of the evidence. Viewed in the light most favorable to the prosecution, the evidence previously discussed, together with the proof that defendant attached the receipt to an affidavit in which he swore that he was in Utica on

the date indicated on the receipt and he submitted the affidavit to a court, provides sufficient proof from which a jury could conclude by a valid line of reasoning and permissible inferences that defendant was guilty of the charged crimes (*see People v Wood*, 299 AD2d 739, 741 [2002], *lv denied* 99 NY2d 621 [2003]). Moreover, after considering the evidence in a neutral light and weighing the probative value of conflicting inferences, we find no reason to disturb the jury's verdict (*see People v Diotte*, 305 AD2d 721, 722 [2003], *lv denied* 100 NY2d 580 [2003]).

Defendant's argument that the jury pool was tainted, thus depriving him of a fair trial, is meritless. During jury selection, one potential juror related that defendant's mother spoke to him in the back of the courtroom about the case. As soon as this was revealed, County Court brought that juror into chambers for further questioning. The nature of the comments by defendant's mother to this juror were disclosed in chambers and not in the presence of any jurors. Although the juror believed defendant's mother may have spoken to two other potential jurors, he stated that both of those individuals had already been excused. County Court excused the juror to whom defendant's mother spoke and then questioned the jurors who had been selected to ensure that they had not had conversations with anyone regarding the case. There has been no showing that what transpired affected defendant's right to a fair and impartial jury (*see People v Gonzales*, 228 AD2d 722, 722-723 [1996], *lv denied* 88 NY2d 1021 [1996]).

The remaining arguments, including defendant's contentions that he did not receive the effective assistance of counsel and his sentence was harsh, have been considered and found unpersuasive.

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.