■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY M. SWACKHAMMER, Appellant. [883 NYS2d 651]—

Kane, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered June 12, 2007, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the fourth degree and petit larceny.

Defendant was charged with criminal possession of stolen property in the fourth degree and petit larceny in connection with the withdrawal of funds from his neighbor's savings and checking accounts with a debit card. A jury found him guilty of both charges. On his appeal, we affirm.

Defendant's convictions were supported by legally sufficient evidence. The victim and a bank employee testified that the victim opened a savings account and a checking account. The bank mailed a debit card and PIN number to her home. The victim and defendant lived in apartments in the same building, with their mailboxes close to each other. After not receiving her debit card or PIN number, the victim contacted the bank and eventually learned that her accounts had negative balances. Security video shows a man, identified by the victim as defendant, using a bank ATM machine at approximately the same time as withdrawals of $25 and $7.73 were made from her accounts. The victim testified that she did not give defendant her debit card or permission to withdraw money from her accounts. When police questioned defendant, he told them that the victim had not given him anything recently and had not allowed him to use her bank card. Viewing this evidence in a light most favorable to the People, it was sufficient to prove that defendant knowingly possessed stolen property, namely a debit card, with the intent to benefit himself, and that he stole money from the victim's accounts (*see* Penal Law §§ 155.25, 165.45 [2]; *People v Hall*, 57 AD3d 1222, 1225 [2008], *lv denied* 12 NY3d 817 [2009]).

The convictions were not against the weight of the evidence. Defendant's girlfriend and another neighbor testified that, on the day defendant withdrew money from the victim's accounts, she gave defendant her bank card and PIN number to buy her items at the store. The defense also pointed out inconsistencies in the victim's testimony. If the defense version of events was accepted, defendant had permission to withdraw the money and possess the card; therefore, he did not steal anything. But this version merely created a factual question for the jury to resolve. Giving deference to the jury's credibility determinations in favor of the People's version, the verdict was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644 [2006]; *People v Smith*, 41 AD3d 1093, 1094 [2007], *lv denied* 9 NY3d 1039 [2008]).

Spain, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.