*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: November 3, 2016                    106640
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

BRADLEY J. ROBTOY,
                        Appellant.
_____

Calendar Date: September 13, 2016

Before: McCarthy, J.P., Garry, Devine, Clark and Mulvey, JJ.

_____

        Mitch Kessler, Cohoes, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Timothy
Blatchely of counsel), for respondent.

_____

McCarthy, J.P.

        Appeal from a judgment of the County Court of Clinton
County (McGill, J.), rendered September 3, 2013, upon a verdict
convicting defendant of the crimes of criminal possession of
stolen property in the fourth degree (two counts), criminal
possession of stolen property in the fifth degree (three counts)
and conspiracy in the fifth degree.

        After recovering copper wire reported to be stolen and
reported to have been sold to scrap yards by, among others,
defendant, authorities charged defendant with two counts of
criminal possession of stolen property in the fourth degree,
three counts of criminal possession of stolen property in the
fifth degree and one count of conspiracy in the fifth degree.
Following a jury trial, defendant was convicted on all counts and

sentenced, as a second felony offender, to an aggregate prison term of 2 to 4 years.  Defendant appeals, and we affirm.

The overwhelming evidence of defendant's guilt renders his contention that the verdict was against the weight of the evidence without merit.  "A person is guilty of criminal possession of stolen property in the fourth degree when he [or she] knowingly possesses stolen property, with intent to benefit himself[, herself] or a person other than an owner thereof or to impede the recovery by an owner thereof, and when . . . [t]he value of the property exceeds [$1,000]" (Penal Law § 165.45 [1]).  "A person is guilty of criminal possession of stolen property in the fifth degree when he [or she] knowingly possesses stolen property, with intent to benefit himself[, herself] or a person other than an owner thereof or to impede the recovery by an owner thereof" (Penal Law § 165.40).  "A person is guilty of conspiracy in the fifth degree when, with intent that conduct constituting . . . a felony be performed, he [or she] agrees with one or more persons to engage in or cause the performance of such conduct" and at least one of the conspirators commits an overt act in furtherance of the conspiracy (Penal Law § 105.05 [1]; see Penal Law § 105.20; People v Canale, 268 AD2d 699, 699 [2000]).

A variety of evidence presented by multiple witnesses established defendant's commission of the aforementioned crimes.  Tire tracks leading away from the construction site at which copper wire valued at approximately $18,000 to $20,000 was stolen were similar to the tread on the tires of defendant's vehicle and were similar to tire tracks in defendant's driveway.  Defendant was clearly identified — by security video, eyewitness identification and photocopies of identification that he provided — along with other men, as selling copper wire to scrap yards in the aftermath of the theft, some of which was recovered.  When defendant was arrested, he had exactly the amount of cash on him that matched a recent scrap yard sale and had two receipts on him regarding such scrap yard sales.  A codefendant engaged in selling the recovered copper wire with defendant used a fake name while selling such wire and, at least on one occasion, defendant and the other men involved in the sales made a point of selling copper wire in increments small enough so that they could receive cash instead of checks.  One scrap yard employee explained that

defendant appeared to be generally concerned with hiding the copper wire that he wished to sell, storing it under a blanket in his vehicle.

Based on the company name, size and types of reels of some of the copper wire recovered by police that defendant had sold, the wire was identified as that which had been stolen. Further, authorities found copper wire in defendant's home, some of which had tags that matched the tags on wire that had been stolen. Further proof regarding the value of the property that defendant stole established that defendant received more that $2,300 in exchange for copper wire on April 17, 2016. On April 18, 2016 and at one scrap yard, defendant and the men that he was with received more than $1,600 in exchange for copper wire. Considering the evidence as a whole, the verdict was not against the weight of the evidence (see People v Smith, 138 AD3d 1248, 1250 [2016], lv denied 27 NY3d 1139 [2016]; People v Helms, 119 AD3d 1153, 1155 [2014], lv denied 24 NY3d 1044 [2014]; People v Royster, 107 AD3d 1298, 1300-1301 [2013], lv denied 22 NY3d 958 [2013]; People v Hardy, 57 AD3d 1100, 1102 [2008], lv denied 12 NY3d 784 [2009]; People v Swackhammer, 65 AD3d 713, 714 [2009]; People v Ormsby, 5 AD3d 868, 870-871 [2004]; People v Harris, 288 AD2d 610, 618 [2001], affd 99 NY2d 202 [2002]).

As defendant concedes, his contention that the People improperly elicited testimony regarding his invocation of his right to remain silent as a part of their direct case is unpreserved for our review (see People v McArthur, 101 AD3d 752, 752 [2012], lv denied 20 NY3d 1101 [2013]; see generally People v Clarke, 110 AD3d 1341, 1345 [2013], lv denied 22 NY3d 1197 [2014]). Moreover, corrective action in the interest of justice is unwarranted. Likewise, defendant failed to preserve his contention that County Court erred in charging the jury that it was to draw no adverse inference from defendant's decision not to testify, and, in any event, such an error was harmless (see People v Koberstein, 66 NY2d 989, 991 [1985]; People v Robinson, 1 AD3d 985, 986 [2003], lv denied 1 NY3d 633 [2004]).

Finally, County Court did not err in responding to the jury's request for a transcript of testimony from certain witnesses regarding certain topics (see generally CPL 310.30).

The court read the note from the jury verbatim and announced its intention to permit a readback of the requested testimony one witness at a time, to which defense counsel did not object.  In explaining the procedure to the jury, the court stated, "once you've heard the first readback . . . it might answer your questions" and explained that the jury could return to deliberations while the court reporter prepared additional testimony for readback, to which defense counsel did not object. After the readback of the relevant portions of one witness's testimony, and presumably while the court reporter was preparing additional testimony for readback, the jury informed the court that it had reached a verdict.  As defendant concedes, no mode of proceedings error occurred (see People v Morris, 27 NY3d 1096, 1098 [2016]; People v Mack, 27 NY3d 534, 543 [2016]), and, thus, defendant's failure to lodge any complaint to any of the steps that the court took to respond to the request renders the issue unpreserved for our review (see People v Sorrell, 108 AD3d 787, 793 [2013], lv denied 23 NY3d 1025 [2014]).  Moreover, defendant's current contention that the court should not have allowed the jury to reach a verdict until the entire readback had been completed is unavailing.  By informing the court that it had reached a verdict prior to the completion of the readback, the jury unambiguously indicated that it was no longer in need of previously requested information (see People v Douglass, 115 AD3d 1055, 1057 [2014]; People v Sorrell, 108 AD3d at 793 [2013]; People v Albanese, 45 AD3d 691, 692 [2007], lv denied 10 NY3d 761 [2008]).

Garry, Devine, Clark and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court