People v Rainey (2024 NY Slip Op 03633)

People v Rainey

2024 NY Slip Op 03633

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

386 KA 23-00132

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT L. RAINEY, DEFENDANT-APPELLANT.

CAMBARERI & BRENNECK, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Jefferson County Court (David A. Renzi, J.), rendered October 12, 2022. The judgment convicted defendant upon a jury verdict of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree.
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the fourth degree (Penal Law
§ 155.30 [1]) and criminal possession of stolen property in the fourth degree (§ 165.45 [1]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The victim testified at trial that, without her knowledge or permission, defendant signed the victim's name on a check made payable to her, deposited the check into their joint account, and then withdrew the funds from the account the next day. Contrary to defendant's contention, the evidence established that he acted with larcenous intent (see People v Lane, 25 AD3d 517, 518 [1st Dept 2006], affd 7 NY3d 888 [2006]), and he "may not evade liability for larcenous conduct merely because the stolen funds were funneled through [a joint] bank account" (People v Rodriguez, 34 NY3d 967, 969 [2019]; see People v Collins, 273 AD2d 802, 803 [4th Dept 2000], lv denied 95 NY2d 933 [2000]). Moreover, although defendant testified that the victim gave him permission to deposit the check and withdraw the funds, the victim, as noted above, denied giving such permission, and we accord great deference to the jury's credibility determinations (see People v Swackhammer, 65 AD3d 713, 714 [3d Dept 2009]; People v Harris, 56 AD3d 1267, 1268 [4th Dept 2008], lv denied 11 NY3d 925 [2009]).
Defendant's challenges to the jury charge are not preserved for our review, and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see People v Waggoner, 218 AD3d 1221, 1222 [4th Dept 2023], lv denied 40 NY3d 1082 [2023], reconsideration denied 41 NY3d 967 [2024]; People v Santiago, 195 AD3d 1460, 1461 [4th Dept 2021], lv denied 37 NY3d 1099 [2021]; People v Streeter, 21 AD3d 1291, 1291-1292 [4th Dept 2005], lv denied 6 NY3d 898 [2006]).
Finally, the sentence is not unduly harsh or severe.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court