People v Bessette (2026 NY Slip Op 01097)

People v Bessette

2026 NY Slip Op 01097

Decided on February 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 26, 2026

CR-23-0297
[*1]The People of the State of New York, Respondent,
vThomas Bessette, Appellant.

Calendar Date:January 8, 2026

Before:Garry, P.J., Ceresia, Fisher, McShan and Mackey, JJ.

Mitchell S. Kessler, Cohoes, for appellant.
Lee C. Kindlon, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered December 6, 2022, upon a verdict convicting defendant of the crime of course of sexual conduct against a child in the second degree.
In June 2021, defendant was charged by indictment with one count of predatory sexual assault against a child stemming from allegations that between January 2020 and March 2021, defendant engaged in two or more acts of sexual conduct, which included at least one instance of sexual intercourse, with the victim at a home in Albany County where they both resided. Upon a review of the grand jury minutes, County Court found that the proof presented failed to establish that sexual intercourse between defendant and the victim occurred and, thus, the court reduced the charge to the lesser included offense of course of sexual conduct against a child in the second degree. Following a jury trial, defendant was convicted as charged and was later sentenced to a prison term of seven years, to be followed by 10 years of postrelease supervision. Defendant appeals.
We affirm. Defendant first contends that the verdict is against the weight of the evidence. "[W]hen conducting a weight of the evidence review, this Court must view the evidence in a neutral light and determine first whether a different verdict would have been unreasonable and, if not, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence" (People v Gerhard, 244 AD3d 1313, 1314 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]; see People v Morey, 231 AD3d 1363, 1364 [3d Dept 2024], lv denied 43 NY3d 931 [2025]). A weight of the evidence review necessitates consideration of the evidence in a neutral light while according deference to the jury's credibility assessments (see People v Alvarez, 238 AD3d 1266, 1269 [3d Dept 2025], lv denied 44 NY3d 981 [2025]; People v Saunders, 232 AD3d 1039, 1040 [3d Dept 2024], lv denied 43 NY3d 1058 [2025]). "A person is guilty of course of sexual conduct against a child in the second degree when, over a period of time not less than three months in duration . . . he or she, being [18] years old or more, engages in two or more acts of sexual conduct with a child less than [13] years old" (Penal Law § 130.80 [1] [b]; see People v Baez, 232 AD3d 1044, 1045 [3d Dept 2024]).
Defendant's argument does not directly assert a lack of evidence supporting any of the necessary elements of course of sexual conduct against a child in the second degree;[FN1] rather, defendant contends that he could not possibly have engaged in sexual conduct with the victim without being observed by one of the numerous inhabitants in the residence and, in turn, that the victim's testimony providing an account of the numerous acts of sexual conduct that occurred in defendant's room was essentially incredible[*2]. On that, defendant emphasizes his testimony that he was never alone in the house with the victim and that there were always six minors present, as the events he was accused of took place during the COVID-19 pandemic. Defendant asserted that he did not have a functioning lock on his door but acknowledged that he was able to shut his door. Defendant denied the allegations against him and insisted that he was never alone with the victim in his bedroom at any point.
The victim's mother testified at trial that defendant resided with her and the victim, along with numerous minors and adults, in a three-bedroom home, where defendant had his own room on the second floor. The victim's mother acknowledged that there were 12 people residing in the home in March 2021. Both the victim and the victim's mother testified that defendant would frequently take care of the various minors residing in the home while the adults were working during the day, and both indicated that, as part of that task, defendant would assign the minors chores around the house. According to the victim, it was during the times that defendant assigned the other minors to do chores, while the adults were out of the house, that he would call her back up to his bedroom to engage in sexual conduct. The victim testified that, although defendant did not have a lock on the door, he did not express any nervousness about anyone coming into the bedroom while the sexual conduct was occurring. The victim noted that defendant did not remove his or the victim's shirts during the episodes and, on occasion, he would pull the covers of his bed over them.
Contrary to defendant's contention, the aforementioned facts do not definitively establish that it was impossible to engage in the acts he was accused of without being discovered. Rather, the victim's account, which noted that the conduct occurred in defendant's room behind a closed door while the other minors in the house were engaged in various chores, provided a sufficient basis for the jury to determine whether the circumstances and time frames of the sexual conduct were established beyond a reasonable doubt. Accordingly, although a different verdict would not have been unreasonable had the jury credited defendant's account and rejected the victim's, they did not, and our neutral review of the evidence while according deference to the jury's credibility determinations satisfies us that the verdict is not against the weight of the evidence (see People v Robbins, 236 AD3d 1097, 1100 [3d Dept 2025]; People v Cuadrado, 227 AD3d 1174, 1177-1178 [3d Dept 2024], lv denied 42 NY3d 969 [2024]; People v Wells, 224 AD3d 1155, 1158 [3d Dept 2024], lv denied 42 NY3d 941 [2024]; People v Gertz, 204 AD3d 1166, 1169 [3d Dept 2022], lv denied 38 NY3d 1070 [2022]; People v Horton, 173 AD3d 1338, 1340 [3d Dept 2019], lv denied 34 NY3d 933 [2019]).
Defendant next contends that County Court erred in limiting his cross-examination at trial of both the investigating officer [*3]and the victim's mother. We disagree. Although "[s]pecific acts of misconduct may be explored on cross-examination of a witness for impeachment purposes when such cross-examination is conducted in good faith upon a reasonable basis in fact" (People v Daley, 9 AD3d 601, 602 [3d Dept 2004]; see People v Smith, 27 NY3d 652, 661 [2016]), "the trial court has broad discretion to limit the scope of cross-examination when the questions are irrelevant or only marginally relevant, concern collateral issues, or pose a danger of misleading the jury" (People v Doane, 212 AD3d 875, 882-883 [3d Dept 2023] [internal quotation marks, brackets and citation omitted], lv denied 39 NY3d 1154 [2023]; see People v Green, 208 AD3d 1539, 1544 [3d Dept 2022]). As to the investigating officer, defendant sought to cross-examine him with respect to an unsubstantiated complaint for an incident that occurred while he was on duty as well as an off-duty incident, both of which were premised on allegations that the officer had struck a child. Neither incident resulted in discipline or criminal charges and neither directly implicated the officer's veracity (see People v Rouse, 34 NY3d 269, 276 [2019]; People v Smith, 27 NY3d at 661; People v Walker, 83 NY2d 455, 461 [1994]). As to the victim's mother, defendant sought to impeach her on the basis that she suffered from a mental health condition that impacted her truthfulness. However, defendant offered no competent evidence supporting the premise that her purported condition had any bearing on her ability to tell the truth (see People v Gertz, 204 AD3d at 1170; People v McCray, 102 AD3d 1000, 1007-1008 [3d Dept 2013], affd 23 NY3d 193 [2014]) and, noting the substance of the mother's testimony, using her purported condition essentially amounted to a collateral attack on the victim's credibility on grounds that could be explored directly through cross-examination of the victim (see People v Doane, 212 AD3d at 883; People v Love, 307 AD2d 528, 532 [3d Dept 2003], lv denied 100 NY2d 643 [2003]; see also People v Francisco, 44 AD3d 870, 870 [2d Dept 2007], lv denied 9 NY3d 1033 [2008]; People v McGlothin, 6 AD3d 462, 463 [2d Dept 2004], lv denied 3 NY3d 644 [2004]). All told, we find that County Court properly weighed the relevant factors in making its determination to limit the grounds for cross-examination of both witnesses and we discern no abuse of discretion in its rulings (see People v Erfurt, 234 AD3d 1120, 1124 [3d Dept 2025], lv denied 43 NY3d 1008 [2025]; People v Graham, 215 AD3d 998, 1007 [3d Dept 2023], lv denied 40 NY3d 928 [2023]; People v Green, 208 AD3d at 1544; People v Gannon, 174 AD3d 1054, 1061 [3d Dept 2019], lv denied 34 NY3d 980 [2019]).
Defendant further argues that County Court committed reversible error when it failed to respond to the jury's request to hear the court's instruction on reasonable doubt and the victim's testimony with respect "to the abuse by both prosecution and defense." Contrary to his contention[*4], we find that this argument is unpreserved.[FN2] Defendant maintains that he preserved this issue by requesting, during the charge conference, an instruction to suspend deliberations during the pendency of a request by the jury for more information or instruction. We reject the premise that the request for such a charge is sufficient to preserve the specific objection raised on appeal (see People v Fleming, 70 NY2d 947, 948 [1988]). In order to properly preserve an argument, a defendant must make a specific objection that would permit the court to cure the alleged error in real time (see CPL 470.05 [2]; see also People v Keschner, 25 NY3d 704, 721-722 [2015]; People v Douglass, 115 AD3d 1055, 1057 [3d Dept 2014]). On that, there is a clear distinction between the argument that a charge should have been provided to the jury that deliberations should always pause when a jury note is pending (see People v Bonaparte, 196 AD3d 866, 869 [3d Dept 2021], lv denied 37 NY3d 1025 [2021]; People v Woodridge, 30 AD3d 898, 900 [3d Dept 2006], lv denied 7 NY3d 852 [2006]; People v Udzinski, 146 AD2d 245, 251 [2d Dept 1989], lv denied 74 NY2d 853 [1989]) and the argument now advanced on appeal suggesting that the note at issue implicated a fundamental issue to the case and, in turn, that the court should have suspended deliberations until an answer to the note was provided (see People v Mack, 27 NY3d 534, 543 [2016]; see also People v Morse, 182 AD2d 781, 781 [2d Dept 1992]). The latter argument was not raised in response to the jury note, rendering that specific argument unpreserved (see People v Alvarez, 239 AD2d 263, 263 [1st Dept 1997], lv denied 90 NY 2d 1009 [1997]; People v Frye, 192 AD2d 412, 412 [1st Dept 1993], lv denied 82 NY2d 894 [1993]). Moreover, to the extent that defendant asks us to exercise our interest of justice jurisdiction in response to this argument, we decline to do so based upon the circumstances presented here (see People v Agosto, 73 NY2d 963, 967 [1989]; People v Robtoy, 144 AD3d 1190, 1193 [3d Dept 2016], lv denied 28 NY3d 1150 [2017]; People v Douglass, 115 AD3d at 1057; People v Sorrell, 108 AD3d 787, 793 [3d Dept 2013], lv denied 23 NY3d 1025 [2014]; People v Albanese, 45 AD3d 691, 692 [2d Dept 2007], lv denied 10 NY3d 761 [2008]; compare People v Morse, 182 AD2d at 781).
Finally, defendant concedes that his argument suggesting that the investigating officer improperly bolstered the victim's testimony is unpreserved and, to the extent that defendant relies on these issues in support of his argument that counsel was ineffective, we find that argument lacking in merit. Defendant focuses on that part of the officer's testimony that generally reflected his considerations in deciding to pursue the investigation into the victim's allegations, including his assessment that the information he possessed at that time did not establish that she was motivated to fabricate the allegations (see generally People v Gross, 26 NY3d 689, 695 [2016]; [*5]People v Ludwig, 24 NY3d 221, 231 [2014]; compare People v Pabon, 28 NY3d 147, 157 [2016]). Even if we did deem the officer's statements objectionable, the latter point clearly informed defense counsel's cross-examination, which sought to emphasize the officer's failure to consider alternative theories and suggest to the jury that the investigation was flawed, which dispels the notion that defense counsel's failure to object "lacked a legitimate strategic purpose" (People v Saunders, 220 AD3d 812, 813 [2d Dept 2023], lv denied 40 NY3d 1041 [2023]; see People v Lall, 223 AD3d 1098, 1110 [3d Dept 2024], lv denied 41 NY3d 984 [2024]; People v Njoku, 218 AD3d 1047, 1052 [3d Dept 2023], lv denied 40 NY3d 1093 [2024]). Similarly, defendant mischaracterizes the officer's testimony with respect to children's susceptibility to influence. The officer did not definitively state that the victim in this case was not susceptible to influence; rather, he acknowledged on cross-examination that minors were indeed more susceptible. This type of general testimony did not constitute impermissible vouching for the victim's credibility.[FN3] Accordingly, we find no merit to defendant's argument that counsel's failure to object in either instance constituted the type of singular error that requires reversal (see People v Cook, 206 AD3d 1236, 1241 [3d Dept 2022]; People v Mehmood, 112 AD3d 850, 852 [2d Dept 2013]; see also People v Englert, 130 AD3d 1532, 1533-1534 [4th Dept 2015], lvs denied 26 NY3d 967 [2015], 26 NY3d 1144 [2016]). Beyond defendant's claimed errors, our review of the record readily reflects that defense counsel made a pretrial motion that successfully obtained a reduction in the sole charge of the indictment, made appropriate opening and closing remarks, engaged in thorough direct and cross-examination during trial and otherwise pursued a cogent defense theory (see People v Williams, 234 AD3d 1180, 1184 [3d Dept 2025], lv denied 43 NY3d 966 [2025]; People v Lopez, 226 AD3d 1165, 1166-1167 [3d Dept 2024], lv denied 42 NY3d 905 [2024]; People v Wilkins, 216 AD3d 1359, 1364-1365 [3d Dept 2023], lv denied 40 NY3d 1000 [2023]; see also People v Barber, 13 AD3d 898, 902 [3d Dept 2004], lv denied 4 NY3d 796 [2005]). Accordingly, we are satisfied that defense counsel provided competent representation.
Garry, P.J., Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The trial testimony readily establishes that the victim was under the age of 13 and that defendant was more than 18 years of age during the 15-month period in question and, according to the victim, defendant engaged in multiple acts that would satisfy the definition of "sexual conduct" at least twice weekly during that period (see Penal Law § 130.00 [former (10)]; see also Penal Law § 130.00 [3]).

Footnote 2: Although defendant initially contended that County Court committed a mode of proceedings error thereby obviating the need for preservation, he concedes in his reply brief that preservation was required.

Footnote 3: On redirect, the officer clarified that the younger a child victim was, the more susceptible he or she would be to influence, and that particular line of inquiry by the People was objected to by defense counsel.